# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:06cr35-3

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **JEFFREY BAILEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed on January 9, 2007 by the United States Probation Office. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Charles Brewer, and that the Government was present through Assistant United States Attorney, Corey Ellis, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: The defendant was charged in a bill of indictment filed on December 5, 2006 with one count of conspiracy to distribute methamphetamine. A hearing was held in regard to the detention of the defendant on December 21, 2006. On that date, the undersigned entered an order releasing the defendant on a $25,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(7)(m) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(7)(p) Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which are required as a conditions of release.

(7)(q) Participate in a home confinement program which included electronic monitoring and which restricted the defendant to his residence at all times, except for certain specified and authorized exceptions.

(7)(s) Have no contact with anyone involved in unlawful use, possession or trafficking of drugs or involved in any other unlawful conduct.

On January 6, 2007 the United States Probation Office was notified by the electronic monitoring center that the electronic monitoring transmitter that had been placed upon the defendant's ankle had been removed. The United States Probation Officer telephoned the defendant's residence but there was no answer. Later, when the defendant was found he denied having tampered with the transmitter and stated that he had been asleep when the United States Probation Officer had contacted him. On January 8, 2007 the Probation Officer met with the defendant and found that the electronic monitoring transmitter was upside down on the defendant's ankle which indicated that the transmitter had been removed. The defendant admitted that he had removed the transmitter and had attempted to place it back on his ankle on January 6, 2007. The defendant further admitted that on January 6, 2007 that he used methamphetamine and an urinalysis conducted on January 8, 2007 resulted

in a positive test for use of methamphetamine.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is probable cause to believe that the defendant committed a federal and state crime while on release. The defendant possessed methamphetamine so that he could consume that substance. Possession and consumption of methamphetamine is at least a misdemeanor under federal law. 21 U.S.C. § 844  Possession and consumption of methamphetamine is a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact that there is probable cause to believe that the defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that the defendant

would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that the defendant violated other conditions of release in that it has been shown that the defendant violated the term and condition of release that requires that he refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.  Methamphetamine is not prescribed by any licensed medical practitioner.

It has further been shown by clear and convincing evidence that the defendant violated the condition that requires him to refrain from obstructing or attempting to obstruct or tamper in any fashion with the efficiency and accuracy of the electronic monitoring which was required as a condition of release. The defendant removed the electronic monitoring collar from his ankle so that he could leave his home outside of his restrictions for the purpose of obtaining a controlled substance. It has further been shown by clear and convincing evidence that the defendant violated the term and condition of pretrial release which required him to be on home detention with electronic monitoring.  The defendant left his residence for the purpose of obtaining methamphetamine which was not authorized by the release order.

There has further been shown by clear and convincing evidence that the defendant violated the term and condition of release which requires that he have no contact with anyone involved in unlawful use, possession or trafficking of drugs or involved in any other unlawful conduct.  The defendant had to have contact with another person to obtain methamphetamine

4

for his use on January 6, 2007.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there are no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

In the violation report, the United States Probation Officer has recommended that the defendant be referred to the Jail Based Inpatient Treatment Program. By and through his counsel, the defendant has requested that he be allowed to participate in that program. For good cause shown, this request will be allowed.

## ORDER

IT IS THEREFORE **ORDERED** as follows:

1. That the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

2. That during detention, the defendant be allowed to attend the Jail Based Inpatient Treatment Program and upon successful completion of treatment under that

program that defendant's counsel be allowed to file a motion requesting that the court reconsider the issue of pretrial release based upon a change of circumstances, that being the completion of the Jail Based Inpatient Treatment Program.

Signed: January 12, 2007

Dennis L. Howell
United States Magistrate Judge